Curia, per

Frost, J.
The agreement between the parties, dated the 10th July, 1845, stipulated that the defendant should employ the plaintiff in the capacity of overseer till the first of January ensuing, at the rate of one hundred and fifty dollars per annum, or twelve dollars and a half per month, to be paid at the end of the year; and the plaintiff, besides the usual stipulations in such a contract, covenanted to abstain entirely from all intoxication* and to forfeit his wages if he got drunk and was dismissed. The second ground of appeal is unsupported by anjr proof in the case. The forbearance of the defendant to *163 enforce the forfeiture until she had been incensed by the plaintiff’s repeated intoxication, cannot be construed into a waiver of the agreement.
The question is presented, whether the plaintiff may apportion the contract, and recover on a quantum meruit., for the time he served the defendant. The general rule is, that a contract cannot be implied contrary to the express terms of an agreement. Every person is at liberty to make what contract he pleases, and unless exceptionable for illegality, immorality or fraud, it is the duty of the court to enforce it. No such exception can be made to the stipulation of the plaintiff to abstain from intoxication, and to forfeit his wages if he got drunk. The stipulation cannot be treated as if it were gratuitous. It is necessary to assume that it was the inducement of the defendant to employ the plaintiff, and the indispensable condition to the engagement of his services. The contract of the plaintiff was entire, to serve till the first of January. If he failed to perform it, either by leaving the service of the defendant, or by dismission for a cause which he had agreed should incur a forfeiture of his wages, he can have no claim for a partial compensation ; Cutter vs. Powell, 6 T. R. 320 ; Perry vs. Dunlap, 1 Hill, 401.
The motion is refused.
Richardson, O’Neall, Evans, Butler and Ward-law, JJ. concurred.